WILLIAM A. WILSON, Respondent, v. THE ADAMS EXPRESS COMPANY, Appellant

Kansas City Court of Appeals, February 2, 1891.

1. **Common Carrier: NEGLIGENCE IN DELIVERY OF GOODS: INSTRUCTIONS.** An instruction, declaring that if the defendant express company in delivering goods failed to exercise ordinary care whereby the same were lost to plaintiff, then plaintiff is entitled to recover, and another instruction, the converse thereof, set out in the opinion, are approved, as presenting the law of this case as it was outlined in the opinion. 27 Mo. App. 360.

2. ——: ——: ——. In this case instructions ignoring negligence were properly refused.

3. ——— : ——— : STOPPAGE IN TRANSITU. Plaintiff's right of recovery is not dependent upon his exercising his right of stoppage *in transitu.*

4. ———, : ——— : EVIDENCE TO SUPPORT FINDING. *Held* there is not that entire lack of evidence to support the finding that would justify an appellate court in concluding that the trial court erred in refusing to declare that plaintiff was not entitled to recover.

*Appeal from the Jackson Circuit Court.*—HON. J. H. SLOVER, Judge.

AFFIRMED.

*Pratt, Ferry & Hagerman* and *Charles W. Blair,* for appellant.

(1) The defendant delivered the goods upon reasonable identification, considering the nature of the express business, without neglect of any duty imposed upon it, and, in the absence of negligencê connected with the shipment or delivery, is not liable. *Steamboat v. Moies*, 28 Mo. 243; *Express Co. v. VanMeter*, 17 Fla. 783; s. c., 35 Am. Rep. 107; 15 Fed. Rep. 826; *Price v. Railroad*, 50 N. Y. 213, and 10 Am. Rep. 477-8; *Samuel v. Cheney*, 135 Mass. 278. (2) The express company delivered to the identical person who had bought the goods, and who, as between carrier and consignee, was the owner thereof. *Drew Case*, 15 Fed. Rep. 826; *Dunbar v. Railroad*, 110 Mass. 26; *Samuel v. Cheney*, 135 Mass. 278; *Edmonds v. Trans. Co.*, 135 Mass. 283; *Schneider v. Express Co.*, N. Y. Sup. Court on circuit, decided December 4, 1885, and published in the Daily Register, a law journal of New York city. (3) The express company is liable for mistakes made by itself, or frauds of which it has been the victim, but is not liable for frauds practiced upon the shipper or mistakes made by him. 15 Fed. Law, 1594, last sentence of sec. 445; *Weed v. Barney*, 45 N. Y. 344; s. c., 6 Am. Rep. 97; Hutchinson on Carriers, secs. 351, 354. (4) In

this case when the defendant tendered these goods to F. H. Davis, the old established merchant of La Cygne, to whom the plaintiff herein claims that he intended to sell them, its obligation as a carrier ceased, and it became an ordinary warehouseman or bailee, liable only for ordinary care and prudence. (5) The petition was framed without regard to negligence. The recovery was solely upon the ground of negligence.

*Scammon & Stubenrauch*, for respondent.

(1) The appellant, and express company, being engaged in the business of a common carrier, undertaking both the carriage and personal delivery of goods, is an insurer of both the safe carriage and the proper delivery of the goods intrusted to it, and is, therefore, liable to the respondent for his loss herein. *Price v. Railroad*, 50 N. Y. 213; s. c., 10 Am. Rep. 475; *Winslow v. Railroad*, 42 Vt. 700; s. c., 1 Am. Rep. 365; *Stephenson v. Hart*, 4 Bing. 476; 13 E. C. L. 596; *L. Co. v. Fletcher*, 25 Ind. 492; *L. Co. v. Fletcher*, 29 Ind. 27; *McEntee v. Steamboat Co.*, 45 N. Y. 34; s. c., 6 Am. Rep. 28; *VanMeter v. Southern, etc., Co.*, 17 Fla. 783; s. c., 35 Am. Rep. 107; *Railroad v. Adams*, 46 Tex. 748; s. c., 30 Am. Rep. 116; 2 Kent's Com. 604; *Kirby v. Express Co.*, 2 Mo. App. 369-377; *Adams v. Blankenstein*, 2 Cal. 413; s. c., 56 Am. Dec. 350; *Ostrander v. Brown*, 8 Am. Dec. 211, note on page 218; s. c., 15 Johnson, 39; *Levenny v. Trans. Co., etc.*, 42 Mo. 88-94-5; *Baldwin v. Express Co.*, 23 Ill. 197; s. c., 74 Am. Dec. 190; also, note as reported in Am. Dec.; *Daggett v. Shaw*, 3 Mo. 264; Hutchinson on Carriers, secs. 343, 344, 345, 346, 347, 348, 349, 350, 351 and 352, and cases there cited; *Bartlett v. Steamboat*, 32 Mo. 356. (2) Even though the appellant was not to be held liable as an insurer of delivery, as well as of the carriage of the goods in question, and ought not to be so held except where guilty of a lack of ordinary care and caution, still the appellant here was guilty of such

gross negligence in the delivery of these goods as to justify a recovery against it upon that ground alone, apart from the settled principle contained in our first proposition. *Railroad v. Adams, supra ;* 30 Am. Rep. 121. ( 3 ) Moreover, no custom was shown, or was sought to be shown, in any way relieving the company of its common-law liability. Bouvier's Law Dic., title Easton, 543, *et seq. ;* 2 Parsons on Cont. ( 4 ) There was never any tender of the goods to F. H. Davis, to whom they were directed, as appellant claims. Bouvier ( art. Tender, 2 Bouv. Dic.) defines a tender to be "an offer to deliver something made in pursuance of some contract or obligation under such circumstances as to require no further act from the party making it to complete the transfer." ( 5 ) It is no ground for reversal in this cause that the petition was framed without regard to negligence ; that the recovery was solely upon the ground of negligence, and that the court erred in giving instruction, numbered 1, asked for plaintiff. *Wilson v. Express Co.,* 27 Mo. App. 360, 370 ; *Noble v. Blount,* 77 Mo. 335 ; *Davis v. Brown,* 67 Mo. 313 ; *Holmes v. Braidwood,* 82 Mo. 610, 617 ; *Stock v. Lyon,* 6 Pick. 65 ; *Thorpe v. Railroad,* 89 Mo. 650 ; *Soldanels v. Railroad,* 23 Mo. App. 516 ; *Newby v. Railroad,* 19 Mo. App. 380–391 ; 100 Mo. 36–47 ; *Tetherow v. Railroad,* 98 Mo. 74 ; *Crutchfield v. Railroad,* 64 Mo. 255 ; *Cary v. Railroad,* 60 Mo. 209.

SMITH, P. J.—This case was here on a former occasion. A full and complete statement of it will be found by reference to 27 Mo. App. 360. The pleadings and evidence, in the present case, it is conceded, are the same as they were in that. The plaintiff had judgment, and the defendant has appealed.

The only matter presented by the present appeal for our decision arises in respect to the action of the circuit court in giving and refusing instructions. In

the opinion, delivered by Judge ELLISON. in disposing of the case when here before, it is stated, "that the only liability that can exist in this case would be such as would arise from the negligence of defendant in the delivery—that is, if defendant was aware of the fraud practiced on plaintiff, and failed to thwart it by holding the goods, or if proper care in the delivery on defendant's part would have led to a discovery of the fraud, a liability would attach." "As to whether such care was used under all the circumstances, is a question of fact." The instruction given for the plaintiff at the second trial, which declared that, "If the court shall find from the evidence that the defendant in delivering the goods in question failed to exercise ordinary and proper care in their delivery, whereby the same were lost to the plaintiff, then the plaintiff is entitled to recover;" and the fourth instruction given for the defendant declaring that, "If the goods were consigned to F. H. Davis, La Cygne, Kansas, and there was a responsible merchant at that town of that name, and another person claiming to be F. H. Davis demanded the goods as being consigned to him, and the defendant inquired of the responsible merchant if the goods belonged to him, and he replied that they did not; and if, after reasonable investigation, defendant delivered the goods to the person representing himself as F. H. Davis, it is not liable, provided it delivered the goods in good faith and under the belief that he was the person to whom they were consigned," fully presented the law of the case as it was outlined in the opinion just referred to. The question of negligence of the defendant in the delivery of the goods was fairly submitted to the court upon the evidence, under these instructions. The case was determined in accordance with the views so plainly, explicitly, expressed by the court. The trial court having been intrusted with the determination of both law and fact in the case, its finding is incontrovertible here.

Instructions, numbered 1, 2, 3, were properly refused for the reason that they ignore the question of defendant's negligence.

The defendant's fifth instruction was properly refused. If the plaintiff did not discover the fraud perpetrated by the swindler upon him, before the delivery of the goods by the defendant, of which there is no evidence, it would have been impossible for him to have exercised his right of stoppage *in transitu*. It is not apprehended that the plaintiff's right of recovery is dependent upon any such unreasonable condition. The responsible F. H. Davis had not purchased the goods of plaintiff, and claimed no title thereto. He was not concerned legally as to what became of plaintiff's goods.

There is not that entire lack of evidence to support the finding of the court, which would justify us in concluding that it erred in refusing to declare, as a matter of law, that plaintiff was not entitled to recover.

The case seems to have been submitted under instructions fairly covering the issues, and we can discover no error prejudicial to the defendant, and we shall, therefore, affirm the judgment. Judge ELLISON concurs; Judge GILL not sitting.